UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BINSWO PARTNERS, LTD., | § | |
| | § | |
| Plaintiff / | § | |
| Counter-Defendant, | § | |
| | § | |
| v. | § | Civ. Action No. 3:24-CV-00117-K |
| | § | |
| THE SHERWIN-WILLIAMS | § | |
| COMPANY, | § | |
| | § | |
| Defendant / | § | |
| Counter-Plaintiff. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is the Defendant and Counter-Plaintiff The Sherwin-Williams Company's ("Sherwin-Williams") Traditional Motion for Partial Summary Judgment (the "Motion") and an Appendix in Support. Doc. Nos. 45, 46. The Plaintiff and Counter-Defendant Binswo Partners, Ltd. ("Binswo") has filed its Response to Defendant's Traditional Motion for Partial Summary Judgment (the "Response") and an Appendix in Support. Doc. Nos. 58, 59. Sherwin-Williams has filed its Reply in Support of its' Traditional Motion for Partial Summary Judgment (the "Reply"). Doc. No. 61.

In its Motion, Sherwin-Williams seeks the Court to grant partial summary judgment "as to its affirmative defenses of unenforceable penalty and failure to

1

mitigate." *Id.* at 2. After careful review of the Motion, the Response, the Reply, the applicable law, and the record before the Court, the Court finds Sherwin Williams has failed to cite evidence to establish all elements of its affirmative defenses and therefore Sherwin-Williams fails to establish "beyond peradventure" that it is entitled to the grant of its affirmative defenses as matter of law. Accordingly, the Court DENIES Sherwin-Williams's Motion for Partial Summary Judgment on its affirmative defenses.

## I.    BACKGROUND

The Parties' claims and counterclaims in this breach of lease action arose from Sherwin-William's failed effort to construct a new retail store on a long-term ground lease of Binswo's property in downtown Dallas. Doc. No. 46 at 5. Pursuant to Sherwin-William's promise to lease Binswo's property for 11 years at an agreed Initial Fixed Monthly Rent of $13,419 per month, Binswo agreed to remove the previous structures occupying its lot, complete other site preparation, and provide a letter of credit to Sherwin-Williams for a $1.05 million Tenant Improvement Allowance (later raised to $1.25 million, and with provision for further increases) to reimburse Sherwin-Williams for incurred construction costs, on the building's completion. Doc. No. 47-1, at 5-28.

After the lease was signed, and several times amended, Binswo cleared its lot, but Sherwin-Williams never built its new store. Doc. No. 46 at 3-6; Doc. No. 58 at 3-9. Ultimately the development project ended in mutual recriminations, with each party filing a claim for breach of lease against the other, which by agreement, were

consolidated in this Court  Doc. No. 1-3 at 3-7; *see also* Civ. Act. No. 3:23-cv-02620-K, Doc. No. 1 at 2-5; Doc. No. 11.

The Parties assert competing breach of lease claims based on their conflicting beliefs as to why the project failed, but each agree that the other party was first to breach and caused the other substantial monetary damages.  *Id.*  Sherwin-Williams brought the present Motion for Partial Summary Judgment asserting that it is entitled as a matter of law to the grant of its affirmative defenses of unenforceable penalty and failure to mitigate on Binswo's claims against it.  Binswo responded to Sherwin-Williams's Motion, but did not file any cross motion.  Sherwin-Williams's Motion has been fully briefed and is ripe to decide.

## II.    STANDARD OF REVIEW

"Summary judgment is required when 'the movant shows that there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)).  A dispute of a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  If the moving party will have the burden of proof on a claim or defense, "the party 'must establish beyond peradventure all of the essential elements of the claim [or defense].'" *Eguchi v. Kelly*, Civ. Action No. 3:16-CV-1286-D, 2017 WL 2902667, at *1 (N.D. Tex. July 7, 2017)(Fitzwater, J.) (citing *Fontenot v.*

*Upjohn Co.*, 780 F.2d 1190, 1194 (5th 1986)).  "This means that the moving party must demonstrate that there are no genuine and material fact disputes and that the moving party is entitled to summary judgment as a matter of law."  *Id.* (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).  "[T]he 'beyond peradventure' standard is 'heavy.'"  *Id.* (internal citations omitted).

Once the movant satisfies his burden, the nonmovant may not rest on the pleadings, but must present competent summary judgment evidence showing a genuine fact issue for trial exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).  "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."  *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *see also Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996)(en banc) (nonmovant may satisfy this burden by providing depositions, affidavits, and other competent evidence; not with "conclusory allegations, speculation, and unsubstantiated assertions.").  If the nonmovant fails to meet this burden, summary judgment must be granted.  *Celotex*, 477 U.S. at 322.

All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant.

4

*See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boudreaux v. Swift Transp. Co.,* Inc., 402 F.3d 536, 540 (5th Cir. 2005).

## III.    ANALYSIS

In its Motion, Sherwin-Williams seeks the Court grant its affirmative defenses as a matter of law, on the basis that Binswo has failed to mitigate its damages as a required under Texas law, and that further, the damages Binswo seeks under the Parties' Lease are void as an unenforceable penalty.  Doc. No. 61 at 2.

The Court will consider each argument in turn, but first, as an initial point, a defendant pleading the affirmative defense of either failure to mitigate or unenforceable penalty bears the ultimate burden of proof to establish its entitlement to each affirmative defense at trial.  *Atrium Medical Center, LP. v. Houston Red C LLC*, 595 S.W.3d 188, 196 (Tex. 2020) (breaching party bears burden to establish unenforceable penalty);  *Austin Hill Country Realty, Inc. v. Palisades Plaza, Inc.*, 948 S.W.2d 293, 299 (Tex. 1997) (tenant bears burden to establish failure to mitigate).  Thus, a movant who seeks a court grant its affirmative defenses on summary judgment, must establish with proper summary judgment evidence "beyond peradventure" that it is entitled to be granted its affirmative defenses as a matter of law.  *See Fontenot*, 780 F.2d at 1194.

### A.  Failure to mitigate

Sherwin-Williams asserts it is entitled to the grant of its affirmative defense on Binswo's claims as a matter of law, on the basis of that Binswo allegedly has failed to

mitigate its damages.  Doc. No. 61 at 2.  Under Texas law, "the landlord's duty to mitigate requires the landlord to use objectively reasonable efforts to fill the premises when the tenant vacates in the breach of the lease." *Austin Hill Country Realty, Inc.*, 948 S.W.2d at 299.

Though mitigation may be a proper defense in a breach of lease action such as this, on the summary judgment record before the Court, Sherwin Williams fails to support its conclusory allegation that Binswo failed to mitigate, with any proper summary judgment evidence to support it.  In particular, to be entitled to a grant of its affirmative defense at summary judgment, Sherwin-Williams must cite evidence to establish "beyond peradventure" that it is entitled to its affirmative defense to be granted as a matter of law.  This is a heavy burden, which Sherwin-Williams's Motion fails to meet.  *See Eguchi*, 2017 WL 2902667, at *1.  Further, in opposition to Sherwin-William's assertion it has failed to mitigate its damages, Binswo cites to testimony from to establish that Binswo has been attempting to re-lease its property since April or May of 2023.  Doc. No. 59 at 70-77.  Thus, even if Sherwin-Williams had cited evidence of a failure to mitigate, the evidence Binswo cites in its response establishes that mitigation is a genuine dispute of material fact.  Accordingly, the Court denies Sherwin-Williams's Motion as it relates to the affirmative defense of a failure to mitigate.

**B. Unenforceable penalty**

Sherwin-Williams further asserts that the contracted damages of past and future lost rent sought by Binswo in this action is a liquidated damages provision which represents an unenforceable penalty and thus void as a matter of law. Doc. No. 61 at 2. Under Texas law, a contract's liquidated damages provisions may be properly enforceable if "at the time of contracting, damages resulting from [the] breach were difficult to estimate and the liquidated damages provision reasonably forecast just compensation." *Atrium Medical Center, LP.*, 595 S.W.3d at 196.

In substance, Sherwin-Williams generally asserts that the Lease's remedies provision is unlawful, for it anticipates the recovery by Binswo of all past and future rent Sherwin-Williams agreed to under the lease. As an initial point, just as above, after careful review of the record, the Court finds that Sherwin-Williams fails to support its assertion that the Lease's damages provision is void as an unenforceable penalty, with summary judgment evidence necessary to support it. In addition, the Court specifically finds that the Lease's own language shows that the damages provision which Sherwin-Williams challenges is not an unenforceable penalty. Sherwin-Williams' fails to note the Lease's remedies upon breach provision *expressly* states "[l]andlord shall have an affirmative obligation to use reasonable efforts to mitigate landlord's damages." Doc. No. 47-1 at 18, ¶14(B). This is just what the law requires. *Austin Hill Country Realty, Inc.*, 948 S.W.2d at 299. Since Binswo's remedies are subject to its engaging in

reasonable efforts to mitigate its damages, the Lease's remedies provision is not facially void as an unenforceable penalty.

A court may still find that a liquidated damages provision which is not facially void as a matter of law, is unenforceable when the provided damages are "otherwise unreasonable" when compared to the actual damages, measured at the time of breach. *Atrium Medical Center, LP.*, 595 S.W.3d at 198. In such a case, when there is an "unbridgeable discrepancy" between the actual and liquidated damages, a court may properly find the liquidated damages are an unenforceable penalty. *Id* at 193 (quoting *FPL Energy, LLC v. TXU Portfolio Mgmt. Co.,* 426 S.W.3d 59, 70-72 (Tex. 2014)). Of course, for the court to find an unbridgeable discrepancy between actual and liquidated damages, a defendant must "prove what the actual damages were." *Id.* at 196-98 (quoting *Phillips v. Phillips,* 820 S.W.2d. 785, 788 (Tex. 1991)). After careful review of the record, the Court finds that Sherwin-Williams fails to cite any summary judgment evidence to establish Binswo's actual damages. Therefore, Sherwin-Williams fails to cite evidence to establish an "unbridgeable discrepancy," and thus fails to cite any evidence to establish that its contracted damages are unenforceable.

To be entitled to a grant on its affirmative defense of unenforceable penalty at summary judgment, Sherwin-Williams must cite evidence that establishes "beyond peradventure" that it is entitled to the grant of this affirmative defense as a matter of law. This Sherwin-Williams's Motion fails to do. Accordingly, the Court denies

8

Sherwin-Williams's Motion as respects its affirmative defense of unenforceable penalty.

## IV.    CONCLUSION

After careful consideration of the Motion, the Parties' briefs, the summary judgment record, and the applicable law, the Court finds Defendant and Counter-Plaintiff Sherwin-Williams fails to establish "beyond peradventure" it is entitled to grant as a matter of law of its affirmative defenses of failure to mitigate or unenforceable penalty on Plaintiff and Counter-Defendant Binswo's claims.  Accordingly, the Motion for Partial Summary Judgment is DENIED, without prejudice to any findings of fact or law properly to be determined at trial, pursuant to the Court's rules and the applicable law.

**SO ORDERED.**

Signed July 30th , 2025.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE